ERIE RAILROAD COMPANY, APPELLANT, v. BOARD OF PUBLIC UTILITY COMMISSIONERS AND BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, RESPONDENTS.

Argued November 28, 1916—Decided March 5, 1917.

Under an act concerning public utilities (*Pamph. L.* 1911, *p.* 374, *ch.* 195, § 38) the Supreme Court is given jurisdiction to review the orders of the board of public utility commissioners and to set aside or affirm the orders *in toto*, but the Supreme Court has no power under said act, either to revise or modify an order of said board.

On appeal from the Supreme Court, whose opinion is reported in 87 *N. J. L.* 438.

For the appellant, *Collins & Corbin.*

For the board of public utility commissioners, *L. Edward Herrmann* and *Frank H. Sommer.*

For the board of chosen freeholders of the county of Hudson, *John A. Dennin, James J. Murphy* and *Joseph M. Noonan.*

The opinion of the court was delivered by

BLACK, J. This case is an appeal by the Erie Railroad Company from an order and judgment entered in the Supreme Court, reversing an order of the board of public utility commissioners, founded upon a petition filed by the board of chosen freeholders of Hudson county. The subject-matter of the order was the keeping on duty flagmen at certain grade crossings of the Newark branch of the appellant's railroad, in Hudson county. The facts are clearly and accurately stated in an opinion by Mr. Justice Kalisch, speaking for the Supreme Court, reported in 87 *N. J. L.* 438. The order of the Supreme Court on which the judgment was entered, in addi-

tion to setting aside the order of the board of public utility commissioners, dated June 9th, 1914, "further ordered that the record be remitted to said board of public utility commissioners so that said part of said order be modified by providing that the prosecutor be required to keep a flagman on duty at said crossings and each of them only during such hours of the day as trains and engines are operated over said crossings, and each of them, and covering the operations of all trains and engines over said crossings, and each of them." It is from the above order and judgment of the Supreme Court that an appeal has been made to this court, on the ground that the Supreme Court had no power to make such an order and judgment. The statute involved in this discussion is an act concerning public utilities (*Pamph. L.* 1911, *p.* 374, *ch.* 195, § 38), the pertinent part of which is: "The Supreme Court is hereby given jurisdiction to review said order of the board and to set aside such order when it clearly appears that there was no evidence before the board to support reasonably such order, or that the same was without the jurisdiction of the board." It requires no argument or illustration to demonstrate the point, that under this statute, the Supreme Court having concluded, there was no evidence to support a certain part of the order, the order of the board of public utility commissioners should have been set aside *in toto*, without directing or ordering the board of public utility commissioners to either revise or modify the order. What order should be made in lieu of the one set aside rests exclusively within the jurisdiction of the board of public utility commissioners.

We therefore conclude the judgment of the Supreme Court, for the above error should be set aside, because the Supreme Court had no power to make such an order or judgment under the statute. The power of the Supreme Court under the above statute must be limited either to affirm or to set aside the order of the board of public utility commissioners as a whole. The rule to be applied is illustrated in cases from our reports. *Public Service Gas Co.* v. *Board of Public Utility Commissioners,* 84 *N. J. L.* 463; 87 *Id.* 581; *Id.* 597.

The judgment of the Supreme Court is therefore reversed and the order of the board of public utility commissioners is set aside *in toto*.

*For affirmance*—WHITE, WILLIAMS, GARDNER, JJ. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, BLACK, HEPPENHEIMER, JJ. 8.